## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

GARY MITCHELL,

        Plaintiff,

    v.

EQUIFAX INFORMATION
SERVICES LLC,

        Defendant.

Case No. 1:25-cv-00135-SCJ-CCB

### MEMORANDUM IN SUPPORT OF DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

Defendant Equifax Information Services LLC ("Equifax"), by and through undersigned counsel, hereby moves to dismiss the Complaint filed by Plaintiff Gary Mitchell ("Plaintiff") in its entirety for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and would respectfully show the Court as follows:

### I.    INTRODUCTION

Plaintiff filed his Complaint on January 13, 2025, claiming that Equifax violated the Fair Credit Reporting Act ("FCRA") in connection with allegedly "inaccurate and incomplete information" regarding accounts with American Express ("AMEX"), BMW Financial ("BMW"), and Medical Data Systems ("MDS") (the "Accounts") in his consumer report.  ECF No. 1 at ¶¶ 15, 19. Specifically, Plaintiff alleges that in or around April 2024, the Accounts reported with inaccurate,

incomplete, or missing balances, credit limits, payment histories, dates closed, monthly payments, comments, original balances, balance histories, and/or dates of first delinquency. *Id.* at ¶¶ 14-15, 19.

Plaintiff claims that he "sent a dispute letter on or around April 2024 disputing the accuracy of the inaccurate accounts" to Equifax. ECF No. 1 at ¶ 16. He further alleges that Equifax sent him "the results of the dispute" in or around May 2024, but that it "continued to report the accounts inaccurately." ECF No. 1 at ¶18. Plaintiff makes claims against Equifax under §§1681e(b) and 1681i of the FCRA for "failing to establish or follow reasonable procedures to assure maximum possible accuracy" and "failing to conduct a reasonable investigation to determine whether the disputed information was inaccurate." *Id.* at ¶¶ 47, 53.

However, the Accounts were not reporting in Plaintiff's Equifax credit file in or around April 2024, Equifax never received a dispute from Plaintiff in April 2024, and Equifax never sent Plaintiff any reinvestigation results in May 2024. Therefore, Plaintiff's Complaint fails to state a claim upon which relief can be granted, and Equifax moves to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.    LEGAL STANDARD

### A.    Standard for Dismissal Pursuant to Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of a complaint

318401946v.1

when a plaintiff's allegations fail to set forth facts which, if true, would entitle the complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The pleadings must raise the right to relief beyond the speculative level, and a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When considering a motion to dismiss, the Supreme Court instructed lower courts to consider "[t]wo working principles." *Iqbal*, 556 U.S. at 678. First, the court is not required to accept, as true, legal conclusions couched as factual allegations. *Id.* Second, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citing *Twombly*, 550 U.S. at 570.) "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint . . . has not 'show[n]'…'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing FED. R. CIV. P. 8(a)(2)).

In considering a 12(b)(6) motion, the court should accept all well-pleaded facts in the Complaint as true and draw all inferences in the plaintiff's favor. *Craft v. Olszewski*, 428 F. App'x 919, 921 (11th Cir. 2011). However, the "duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for the plaintiff." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 960 (11th Cir. 2009) (quotations omitted). "[C]onclusory

3

allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). Indeed, a plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678.

## B.    *Pro Se* Litigants

While Plaintiff's *pro se* status potentially warrants a more liberal reading of his pleadings, he is still required "to conform to procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007); *see also Middlebrooks v. Experian Info. Solutions, Inc.*, No. 1:18-cv-2720-SCJ-JSA, 2019 WL 8376270, at *4 (N.D. Ga. Dec. 19, 2019) ("Although Plaintiff is proceeding in this case without the benefit of counsel, her *pro se* status does not excuse her from the obligation to follow the same procedural rules as other litigants."). Thus, a *pro se* complaint must sill contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555. "A court may not…rewrite inadequate pleadings – including those filed by *pro se* plaintiffs – to plead essential allegations." *Middlebrooks v. Sacor Fin., Inc.*, No. 1:17-cv-0679-SCJ-JSA, 2017 WL 8186719, at *2 (N.D. Ga. Aug. 28, 2017) (citations omitted). Moreover, "although a *pro se* complaint is held to less stringent standards than formal pleadings drafted by attorneys, the Court need not accept as true legal

conclusions or unwarranted factual inferences." *Id.* (internal quotations and citations omitted).

Here, Plaintiff's Complaint fails to rise beyond the speculative level and instead sets forth mere labels and conclusions. As such, Plaintiff's Complaint should be dismissed.

## III.    ARGUMENTS AND AUTHORITIES

### A.    Plaintiff's Complaint Fails To State Essential Elements Of His Cause Of Action Under FCRA § 1681e(b).

Section 1681e(b) states, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). In order to allege a prima facie claim under § 1681e(b), a plaintiff must allege that: (1) inaccurate information was included in a consumer's credit report; (2) the inaccuracy was due to the defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered injury; and (4) the consumer's injury was caused by the inclusion of the inaccurate entry. *See Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991); *see also Bailey v. Equifax Credit Info. Servs., Inc.*, No. 1:14-cv-797-MHC-JCF, 2016 WL 11540113, at *17 (N.D. Ga. Nov. 28, 2016) (holding that a "prerequisite to a cause of action under § 1681e(b)" is that a CRA "published an inaccurate credit report to any third party") (*citing Johnson v. Equifax, Inc.*, 510

F. Supp. 2d 638, 645 (S.D. Ala. 2007)), *R&R adopted*, 2017 WL 10728913; *Lazarre v. JPMorgan Chase Bank, N.A.*, 780 F. Supp. 2d 1320, 1328 (S.D. Fla. 2011) (holding that a claim under § 1681e(b) requires that CRA publish an inaccurate consumer report to a third-party).

Here, Plaintiff attempts to make specific allegations of inaccuracy as to the Accounts in his credit file, however, Equifax was not, reporting the Accounts, no inaccuracy can exist.  Plaintiff's claims of inaccurate information are insufficient to plead a factual inaccuracy, because it is nothing more than "labels and conclusions" which "will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555)). *See, e.g.*, *Barreto v. Equifax Info. Servs. LLC*, No. 22-cv-04941, 2023 WL 4047693, at *4 (N.D. Ga. May 23, 2023) ("[J]ust as with her § 1681e(b) claims discussed above, Plaintiff has again neglected to specify the alleged inaccuracies underlying her § 1681i claims."); *Hawkins v. Equifax Info. Servs.*, No. 22-cv-01381, 2023 WL 4048689, at *4 (N.D. Ga. Apr. 20, 2023).

Additionally, Plaintiff fails to identify any connection between procedures and the specific way they were used regarding his information. Thus, Plaintiff has not alleged any specific way in which procedures employed by Equifax in compiling a consumer report was not reasonable. Plaintiff alleges no facts to show that Equifax failed to use reasonable procedures to ensure the accuracy of any consumer report.

As a result of the inadequacy of Plaintiff's pleading, the allegations therein are far from sufficient to state a plausible claim under § 1681e(b) and must be dismissed with prejudice as leave to amend would be futile.

**B.    Plaintiff's Complaint Fails To State Essential Elements Of His Cause Of Action Under FCRA § 1681i.**

Plaintiff claims that Equifax did not satisfy its reinvestigation duties after he notified it that he disputed the Accounts, thus violating various subsections of § 1681i(a), including 1681i(a)(1); 1681i(a)(2)(A); 1681i(a)(4); and 1681i(a)(5)(A). At bottom, a reinvestigation "claim is properly raised when a particular credit report contains a *factual* deficiency or error that could have been remedied by uncovering additional facts that provide a more accurate representation about a particular entry." *Cahlin*, 936 F.2d at 1160. Plaintiff's reinvestigation claims fail owing to inadequate factual support.

The FCRA provides that when a consumer disputes the accuracy of information in his consumer file with a CRA, the agency shall "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the item from the file" within 30 days. 15 U.S.C. § 1681i(a)(1)(A). The FCRA requires CRAs to notify a person who provided information – here, AMEX, BMW, and MDS – if a consumer disputes the information's accuracy. 15 U.S.C. § 1681i(a)(2)(A). In conducting the reinvestigation, the CRA shall review and consider all relevant information

7

submitted by the consumer. 15 U.S.C. 1681i(a)(4). If, after the reinvestigation, the disputed item "is found to be inaccurate or incomplete or cannot be verified," then the agency must (1) "promptly delete [or modify] that item" and (2) "promptly notify the furnisher of that information that the information has been modified or deleted." *Id.* § 1681i(a)(5)(A).

Thus, to state a claim under § 1681i, Plaintiff must plausibly allege that (1) his consumer file contains inaccurate or incomplete information; (2) he notified Equifax of the alleged inaccuracy; (3) the dispute is not frivolous or irrelevant; (4) Equifax failed to respond or conduct a reasonable reinvestigation of the disputed item(s); and (5) Plaintiff sustained damages caused by Equifax. *See Solus v. Regions Bank*, No. 1:19-CV-2650-CC-JKL, 2020 WL 4048062, at *4 (N.D. Ga. July 17, 2020); *Byrd v. Equifax Consumer Servs., LLC*, No. 1:19-CV-04417-CAP-RGV, 2019 WL 11343566, at *3 (N.D. Ga. Nov. 14, 2019), *R&R adopted*, 2019 WL 11422015; *Meeks v. Equifax Info. Servs., LLC*, No. 1:18-cv-03666-TWT-WEJ, 2019 WL 1856411, at *4 (N.D. Ga. Mar. 4, 2019), *R&R adopted*, 2019 WL 1856412. Notably, however, "[a] consumer . . . cannot bring a [§ 1681i] claim against a credit reporting agency when it exercises its independent professional judgment, based on full information, as to how a particular account should be reported on a credit report." *Cahlin*, 936 F.2d at 1160. So, for example, if an employee failed to contact the furnisher, that fact – on its own – is not enough for the Court to say its

reinvestigation was per se unreasonable. *See Losch*, 995 F.3d at 944, 946. If it were, FCRA would become a strict liability scheme conferring an action for every violation regardless of CRA's conduct. *See Acton v. Bank One Corp.*, 293 F. Supp. 2d 1092.

As explained above, Plaintiff has failed to prove any alleged inaccuracy underlying his § 1681i claim. *See Bailey*, 2018 WL 7575542 at *8 (explaining that "[a] plaintiff asserting a § 1681i(a) reinvestigation claim must show that the consumer's credit [file] contains inaccurate or incomplete information . . ."); *Hawkins v. Equifax Info. Servs.*, No. 122CV01381LMMJCF, 2023 WL 4048689, at *5 (N.D. Ga. Apr. 20, 2023), *R&R adopted,* 2023 WL 4049282. Furthermore, Plaintiff cannot state a claim under 1681i or that Equifax "sent reinvestigation results of the [April 2024] dispute and Accounts" when Plaintiff never sent a dispute to Equifax in April 2024. *See* ECF No. 1 at ¶ 18.

Additionally, Plaintiff does not adequately plead how Equifax violated its reinvestigation obligations because, aside from the fact that he did not dispute the Accounts with Equifax, as alleged, the Complaint fails to allege facts to show whether (or why) he believes (1) Equifax's reinvestigation was unreasonable or untimely; (2) Equifax incorrectly deleted or incorrectly modified information on his file or failed to do so; (3) Equifax failed to provide AMEX, BMW, or MDS with relevant information; (4) Equifax failed to consider all relevant information; or (5)

9

whether he believes Equifax violated § 1681i(a) in some other way – all of which would be within his ability to plead, if his claims were true.

In other words, Plaintiff failed to specify what Equifax did or omitted to do following his alleged dispute or indicate what Equifax should have done instead. *Bailey v. Experian Info. Sols., Inc.*, No. 1:16-cv-789-MHC-JCF, 2016 WL 9558951, at *5 (N.D. Ga. Dec. 9, 2016) (recommending dismissal of the plaintiff's § 1681i claim because his "scant allegations" did not "contain factual allegations of failures to reinvestigate on the part" of the reporting agencies), *R&R adopted*, 2017 WL 3836115. As the Complaint fails to allege "how Equifax's . . . reinvestigation under Section 1681i [was] unreasonable, [Plaintiff] cannot state a claim . . ." under § 1681i. *Hill v. Equifax Info. Servs., LLC*, No. 1:20-CV-04429-WMR, 2021 WL 7708391, at *3 (N.D. Ga Dec. 22, 2021) (*citing Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937) (dismissing § 1681i claim where plaintiff alleged that CRA "failed to conduct a reasonable reinvestigation" because it amounted to "nothing more than a 'formulaic recitation of the elements of a cause of action' "); *Lazarre*, 780 F. Supp. 2d at 1329-30 (dismissing FCRA claim premised allegation that CRA "violated . . . § 1681i(a) by failing to conduct a reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute").

Accordingly, because Plaintiff's Complaint contains no factual content about the alleged inaccuracies or how Equifax allegedly failed in its reinvestigation duties,

10

Equifax's motion to dismiss Plaintiff's § 1681i claim should be granted.

### C.    Plaintiff Cannot Rely on Conclusory Statements to Satisfy Required Element of Actual Damages or that Plaintiff is Entitled to Statutory or Punitive Damages

Here, Plaintiff has not alleged that he suffered the required concrete injury because, as stated previously, the Complaint does not allege a recognized inaccuracy that could cause an injury and only includes vague, non-specific allegations that he "suffered numerous damages including but not limited to statutory damages, actual damages including loss of credit, credit denials, higher interest rates, loss of time . . ., anxiety, humiliation, damage to character, mental distress, and emotional distress." ECF No. 1 at ¶ 39. Plaintiff does not allege without improper speculation that any adverse credit decisions were substantially based on violations of by Equifax because his allegations do not, and cannot, amount to an inaccuracy recognized as a matter of law.

### D.    Plaintiff's Complaint Should Be Dismissed With Prejudice and Without Leave to Amend

Plaintiff's Complaint should be dismissed with prejudice and without leave to amend because any amendment would be futile. There is no way that Plaintiff could manipulate the facts to state a claim under the FCRA. As discussed above, Plaintiff cannot state any cognizable claim against Equifax because the Accounts were not reporting in Plaintiff's Equifax credit file in or around April 2024, Equifax never received a dispute from Plaintiff in April 2024 concerning the Accounts. Therefore,

Plaintiff FCRA claims fail because Equifax was not in the position to send Plaintiff reinvestigation results in May 2024 if Equifax never received a dispute from Plaintiff in April 2024 concerning the Accounts. Therefore, the Complaint should be dismissed with prejudice and without leave to amend.

## **CONCLUSION**

For the reasons set forth herein, Equifax respectfully requests the Court grant its Motion, dismiss Plaintiff's Complaint, with prejudice, and grant all other relief as the Court deems appropriate.

DATED:  June 17, 2025                    Respectfully submitted,

SEYFARTH SHAW LLP


By: */s/ Eric Barton*
    Eric Barton, GA Bar No. 040704
    ebarton@seyfarth.com
    SEYFARTH SHAW LLP
    1075 Peachtree Street, N.E.
    Suite 2500
    Atlanta, Georgia  30309-3958
    Telephone:  (404) 885-1500
    Facsimile:  (404) 892-7056

    *Counsel for Defendant*
    *Equifax Information Services LLC*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(D), I hereby certify on June 17, 2025, that the foregoing has been prepared in Time New Roman, 14-point font, and otherwise complies with the requirements of Local Rule 5.1.

*/s/ Eric F. Barton*
Eric F. Barton
*Counsel for Defendant*
*Equifax Information Services LLC*

318401946v.1

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2025, I presented the foregoing MEMORANDUM IN SUPPORT OF DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6) with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record. A copy has also been sent via U.S. Mail to the following:

> Gary Mitchell
> 1647 Watersprings Way
> Dacula, GA 30019

> */s/ Eric Barton*
> Eric Barton
> *Counsel for Defendant*
> *Equifax Information Services LLC*